UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLES HOLBROOK, | Case No. 1:17-cv-186 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | Magistrate Judge Stephanie K. Bowman |
| TIMOTHY POLS, *et al.*, | |
| Defendants. | |

**DECISION AND ENTRY
OVERRULING PLAINTIFF'S OBJECTION TO THE
ORDER OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 3)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and memoranda filed with this Court, and on March 31, 2017, submitted an order transferring this case pursuant to 28 U.S.C. § 1391(b) to the Western District of Michigan, where all of the Defendants reside, and where the events giving rise to Plaintiff's claims occurred. (Doc. 2; the "Transfer Order"). The case was subsequently transferred to the Western District of Michigan and closed on the docket of this Court.

Nineteen days later, on April 19, 2017, Defendant filed an objection ("Objection") to the Transfer Order. (Doc. 3). The Objection asks the Court to keep this case in Ohio because the Michigan courts "do bad things" to the Plaintiff and have violated his rights under the Michigan and United States constitutions. (*Id.*)

Because the Transfer Order is not dispositive of Plaintiff's claims, this Court's review is governed by Fed. R. Civ. P. 72(a), which allows a district judge to set aside or modify any part of a Magistrate Judge's non-dispositive order that is "clearly erroneous" or "contrary to law." The "clearly erroneous" standard applies only to factual findings made by the Magistrate Judge, while legal conclusions are reviewed under the more lenient "contrary to law" standard. *United States SEC v. Sierra Brokerage Servs.*, No. 2:03-cv-326, 2005 U.S. Dist. LEXIS 23866 at * 11 (S.D. Ohio Oct. 18, 2005) (citation omitted). A finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Id.* at ** 11-12 (citations omitted). A decision is "contrary to law" when the Magistrate Judge has "misinterpreted or misapplied" applicable law. *Id.* at * 12 (citations omitted).

Plaintiff's Objection is not well-taken for two reasons. First, it is untimely. An objection to a Magistrate Judge's order must be made within 14 days, and a party may not assign as error a defect in the order as to which the party did not timely object. Fed. R. Civ. P. 72(a). Here, the Order was filed 19 days after its service, and is therefore is untimely. The Objection fails for this reason alone. (*Id.*)

Moreover, even if the Objection had been timely filed, it fails as a matter of law. The Objection does not set forth any argument indicating that the Magistrate Judge's factual findings were a mistake or that the Magistrate Judge's conclusion that the case should be transferred to the Western District of Michigan constituted a misinterpretation or misapplication of applicable law.

The Objection simply does not set forth any argument from which the Court could conclude that the Order was clearly erroneous or contrary to law, and accordingly, the Objection (Doc. 3) is **OVERRULED**.

**IT IS SO ORDERED.**

Date:  1/25/18

Timothy S. Black
United States District Judge